UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL LOGAN,

                      Petitioner,                                21-mc-352 (PKC)

       -against-

                                                             OPINION AND ORDER

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                      Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Petitioner Michael Logan brings this proceeding pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3410 (the "RFPA"). Logan seeks an Order quashing or enjoining enforcement of an administrative subpoena issued by the Securities and Exchange Commission ("SEC") that seeks certain of his financial records maintained at JP Morgan Chase Bank, N.A. ("Morgan Chase"). (Docket # 1.) The SEC opposes the application. (Docket # 4.)

Because the SEC has demonstrated that the subpoena is related to a legitimate law enforcement inquiry and that it has a reasonable belief that the records sought are relevant to that inquiry, Logan's motion will be denied.

The RFPA provides "the sole judicial remedy" for a bank customer to oppose the disclosure of financial information sought by a federal authority. 12 U.S.C. § 3410(e); see also Feiner v. S.E.C., 914 F. Supp. 2d 474, 477 (S.D.N.Y. 2012) ("The RFPA is the only means by which a bank customer may challenge the disclosure of documents subpoenaed from that customer's bank.") (Karas, J.). "Under the RFPA, this Court's review of the Movant's challenge to the subpoena is limited." Id. The applicant is required to submit a sworn statement explaining

the "reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice . . . ." 12 U.S.C. § 3410(a)(2). "If the court finds . . . that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application . . . ." Id. § 3410(c); see also Matter of U.S. S.E.C. Priv. Investigation/Application of John Doe Re Certain Subpoenas, 1990 WL 119321, at *2 (S.D.N.Y. Aug. 10, 1990) ("The statute does not require the agency to show that the records are relevant, but rather that there is 'a reasonable belief that the records sought are relevant.'") (Mukasey, J.) (quoting 12 U.S.C. § 3410(c)). Conversely, if a court finds "that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," then the court "shall order the process quashed or shall enjoin the Government authority's formal written request." 12 U.S.C. § 3410(c). "In other words, the Court must consider, first, whether there is a demonstrable basis to believe that the SEC is pursuing a legitimate inquiry and, second, whether the SEC has a reasonable belief that the requested documents are relevant to that inquiry." Feiner, 915 F. Supp. 2d at 477.

A letter from the SEC to Logan dated March 8, 2021 contains the subject line "In the Matter of New York Alaska ETF Management LLC" and summarizes a subpoena issued to Morgan Chase for certain of Logan's financial records. (Docket # 1-2.) The letter explains that on April 8, 2019, the SEC entered a formal order of investigation as to New York Alaska ETF Management LLC (the "LLC") (HD-13680). It goes on to state that the SEC "deems certain acts and practices to be in possible violation" of the federal securities laws, including section 17(a) of the '33 Act, section 10(b) of the '34 Act, the Investment Advisors Act of 1940, the Investment

Company Act of 1940, and rules promulgated thereunder. (Id.) The letter states that certain subpoenas annexed to the letter are being issued in connection with that investigation, and advises Logan of the legal protections available to him under the RFPA. (Id.)

The SEC's letter to Logan annexes an SEC subpoena directed to the Custodian of Records at Morgan Chase. (Id.) The subpoenaed records include documents sufficient to identify Logan's current and historic accounts at the bank; an electronic report "of all account transaction data" and supporting documents; incoming and outgoing money transfers; documents sufficient to identify extensions of credit; documents that identify safety deposit boxes; and credit card information. (Id.)

Logan seeks an order to quash the subpoena or enjoin its enforcement. (Docket # 1.) In a narrative statement sworn to before a Notary Public, Logan states that he was a director of the LLC, but did not act as an investment advisor to the LLC, personally manage LLC assets or have access to LLC accounts. (Logan Dec. at 1.) He asserts that he "simply served on the Board and attended quarterly Board meetings." (Id.) Logan urges that the subpoena is "grossly overbroad" because it does not seek information limited to his transactions with the LLC, and instead request records including monthly account statements, documents reflecting account transactions, and incoming and outgoing fund transfers. (Id. at 2.) He asserts that his affiliation with the LLC does not support the broad production sought by the SEC, and that the SEC has not pointed to documents produced by the LLC that support the requests for his financial records. (Id.)

In its verified opposition to Logan's motion, the SEC states that the order of investigation recites information tending to show that since 2017, the LLC's officers and directors may have employed devices, schemes, or artifices to defraud investors in connection

with the sale or offer of securities. (Opp. Mem. at 3.) The alleged scheme involved the State Funds Ultra Short Duration Mutual Fund ("State Funds"). (Id. at 3.) The SEC explains the scheme involved material omissions and misrepresentations on the part of the State Funds, including the failure to disclose that the counterparties to transactions were controlled by the State Funds; that the State Funds transferred cash and not securities to counterparties; and that transactions were routed through numerous financial accounts and shell companies. (Id. at 3-6.) In addition to his affiliation with the LLC, Logan served as chairman of the board of trustees of the State Funds and a member of its audit committee until it was eventually liquidated. (Id. at 6.) The SEC states that the records sought may contain relevant information as to Logan's involvement in the alleged scheme, including whether he received payments beyond his ordinary salary and whether he made payments to others in connection with the scheme. (Id. at 7.)

The Court comfortably concludes that the subpoena relates to a legitimate law enforcement inquiry and that the SEC has demonstrated a reasonable belief that the records sought are relevant to that inquiry. See 12 U.S.C. § 3410(c). The SEC has statutory authorization to investigate potential violations of the federal securities laws. See 15 U.S.C. §§ 77t(a), 78u(a), 80b-9(a), 80a-41(a). On April 8, 2019, the SEC issued the "Order Directing Private Investigation and Designating Officers to Take Testimony" in In the Matter of New York Alaska ETF Management LLC (HO-13680). A copy of the order of investigation has been filed under seal. (Docket # 7.) It describes the LLC as having been registered with the SEC as an investment adviser until March 15, 2019. (Id.) It states that the LLC was an adviser to the State Funds and states that Alaska ETF's officers, directors, employees, partners and other persons and entities may have violated the '33 Act, the '34 Act, the Investment Advisers Act and the Investment Companies Act in connection with possible material misstatements or omissions

about the State Funds.  (Docket # 7.)  The order directs that a private investigation be made to determine whether any persons or entities have violated the federal securities laws.  (Id.)

The SEC has adequately explained its reasonable belief that the documents sought are relevant to a legitimate inquiry.  Feiner, 915 F. Supp. 2d at 477.  Specifically, in addition to his role as a director of the LLC, Logan was also chairman of the board of directors and a member of the audit committee of the State Funds.  The SEC has described a purported scheme in which the LLC and the State Funds engaged in sham transactions.  The SEC states that the subpoena seeks documents that reflect payments to Logan that exceed his regular salary and whether he transferred payments to others in connection with the purported scheme.  This is sufficient to demonstrate a reasonable belief by the SEC of the records' relevance.  See 12 U.S.C. § 3410(c); Matter of John Doe, 1990 WL 119321, at *2 ("What need be shown is not probable cause, but a good reason to investigate.")

An investigative subpoena is inherently different from a subpoena issued in the context of an action pending between or among parties.  No complaint or pleading cabins the relevance of the material sought.  Yet the scope of an investigative subpoena is not boundless.  The Court's review of the private order of investigation supports the conclusion that the investigation was lawfully instituted and that the enforcement staff of the SEC has a reasonable belief that the documents sought by the subpoena are relevant to that investigation.

The application to quash or enjoin the subpoenas is therefore DENIED.  (Docket # 1.)  The Clerk is directed to close this case.

SO ORDERED.

*P. Kevin Castel*
United States District Judge

Dated: New York, New York
       September 22, 2021